# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-5902-CAS (KK) | Date | November 4, 2014 |
|---|---|---|---|
| Title | RYAN JAMES JOHNSON V. STU SHERMAN | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**     **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed as Mixed**

On July 29, 2014, petitioner Ryan James Johnson filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254.  Petitioner presents six grounds for relief: (1) petitioner was denied due process when the trial court convicted him of murder without finding that he personally harbored malice aforethought; (2) the trial court denied petitioner's due process by failing to instruct the jury that it must find he personally harbored malice aforethought in order to secure a conviction of murder; (3) petitioner was denied due process when the trial court convicted him of murder without finding he acted willfully or with premeditation and deliberation; (4) petitioner was denied due process when the trial court failed to instruct the jury that it must find petitioner's co-conspirator, Baker-Riley, committed his provocative acts in furtherance of the common design to commit robbery in order to find petitioner guilty of murder; (5) trial counsel rendered ineffective assistance of counsel when he failed to move for and object to instructions on elements of the charged offense; and (6) trial counsel rendered ineffective assistance of counsel in failing to present a defense and move for instructions on a lesser included offense.  Petition ("Pet.") at 5-6.

On October 27, 2014, respondent filed a Motion to Dismiss in which it argues the petition be dismissed without prejudice as a mixed petition unless petitioner deletes his unexhausted Ground Four.  (ECF Docket No. 18).  As discussed below, the Court concurs with respondent that Ground Four is unexhausted.  As such, the petition is a "mixed" petition thus subject to dismissal.  Accordingly, the court issues this Order to Show Cause by **November 25, 2014** why the petition should not be dismissed as mixed.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5902-CAS (KK) | Date | November 4, 2014 |
|----------|---------------------|------|------------------|
| Title | RYAN JAMES JOHNSON V. STU SHERMAN | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5902-CAS (KK) | | Date | November 4, 2014 |
|----------|---------------------|---|------|------------------|
| Title | RYAN JAMES JOHNSON V. STU SHERMAN | | | |

## **The Exhaustion Requirement**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882,888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In order to satisfy the fair presentation requirement, the prisoner must describe in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See, e.g., Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, . . . or that a somewhat similar state-law claim was made."); *Picard v. Connor*, 404 U.S. 270, 277-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (holding that, for purposes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5902-CAS (KK) | Date | November 4, 2014 |
| --- | --- | --- | --- |
| Title | RYAN JAMES JOHNSON V. STU SHERMAN | | |

exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief, and rejecting the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief); *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004) ("Even where a petitioner argues that an error deprived him of a "fair trial" or the "right to present a defense," unless the petitioner clearly alerts the court that he is alleging a specific federal constitutional violation, the petitioner has not fairly presented the claim."); *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) ("[T]he petitioner must make the federal basis [of the claim] explicit either by citing federal law or the decisions of federal courts, even if the federal basis of a claim is 'self-evident,' or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds."), as amended by, 247 F.3d 904 (9th Cir. 2001).

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

In this case, petitioner argues in Ground Four that he was denied due process when the trial court failed to instruct the jury that it must find that co-conspirator Baker-Riley committed his provocative acts in furtherance of the common design to commit robbery in order to find petitioner guilty of murder. Pet. at 6. As stated in the Petition, petitioner raised this ground in his petition for review filed in the California Supreme Court. *See* Respondent's Lodged Document ("Lodg.") 17 at 22-24. However, petitioner failed to alert the California Supreme Court to the federal nature of this claim. *Id.* at 22-24. In fact, petitioner did not identify a single federal case or federal constitutional guarantee, nor did he discuss any federal legal theory or basis for his claim. *Id.* at 22-24. Moreover, petitioner's brief reference to "due process" was insufficient to alert the California Supreme Court to the federal nature of his claim. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *see also Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (petitioner's "naked reference to 'due process'" in state petition was insufficient to raise a federal claim).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5902-CAS (KK) | | Date | November 4, 2014 |
|---|---|---|---|---|
| Title | RYAN JAMES JOHNSON V. STU SHERMAN | | | |

Therefore, it appears from the record now before the court that the present petition is subject to dismissal as a mixed petition.  However, before deciding this matter, the Court will first give the petitioner an opportunity to respond.

### Petitioner's Options

The Ninth Circuit has stated that lower courts "'have no obligation to act as counsel or paralegal to *pro se* litigants.'"  *Ford v. Pliler*, 590 F.3d 782, 787 (9th Cir. 2009) (quoting *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004)).  But the Ninth Circuit has also recognized that courts may provide pro se litigants with "accurate instruction" before dismissing a mixed petition.  *See id.* at 786 ("The district court gave [the petitioner] accurate instruction before dismissing his mixed habeas petitions without prejudice.  *Pliler* does not allow us to require anything more.").  Accordingly, the court presents petitioner with the following options:

**Option 1:**

If Petitioner contends that he has in fact exhausted his state court remedies on ground four, he should clearly explain this in a response to this Order, which must be served and filed on or before **November 25, 2014**.  Petitioner should attach to his response copies of any documents establishing that ground four is indeed exhausted. (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be mixed, he alternatively selects one of the other options discussed below.)

**Option 2:**

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for petitioner's convenience.**  The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Option 3:**

Petitioner may request a voluntary dismissal of only the unexhausted claim (ground four), and elect to proceed on only his exhausted claims (grounds one, two, three, five, and six).  **Petitioner may also use the attached Notice of Dismissal form in order**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5902-CAS (KK) | Date | November 4, 2014 |
|---|---|---|---|
| Title | RYAN JAMES JOHNSON V. STU SHERMAN | | |

**to select this option**.  The court advises petitioner, however, that if petitioner elects to proceed now with only his exhausted claims, any future habeas petition containing ground four or other claims that could have been raised in the instant petition may be rejected as successive (or may be time-barred).

**Option 4:**

Pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), petitioner may ask the court to stay all of the claims in a mixed petition while petitioner returns to the state courts to exhaust his already pled but unexhausted claim. To obtain a stay of this case pursuant to *Rhines*, petitioner is required to: (a) show good cause for his failure to exhaust ground four in state court earlier; and (b) show that ground four is not "plainly meritless."  *See id.* at 277.  (Petitioner also may request a *Rhines* stay, and include a notice that, if the court denies the *Rhines* stay, he alternatively selects one of the other options.)

**Option 5:**

Pursuant to *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss ground four and ask the court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust his dismissed claim.  The court advises petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely.  And demonstrating timeliness will often be problematic under the now-applicable legal principles."  *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).  (Petitioner also may request a *Kelly* stay, and include a notice that, if the court denies the *Kelly* stay, he alternatively selects one of the other options.)

<u>**Caution**</u>

Petitioner is cautioned that if he requests a stay and the court denies the request for a stay, or if petitioner contends that he has in fact exhausted his state court remedies on all grounds and the court disagrees, the court may recommend that his petition be dismissed as a mixed petition.  Accordingly, as noted above, petitioner may select options

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5902-CAS (KK) | Date | November 4, 2014 |
|---|---|---|---|
| Title | RYAN JAMES JOHNSON V. STU SHERMAN | | |

in the alternative.

   In sum, in order to select Option 1, petitioner must file a response to this Order showing ground four is exhausted.  In order to select Options 2 or 3, petitioner may file the attached Notice of Dismissal form and fill it out according to his choice.  In order to select Options 4 or 5, petitioner must file a written response requesting a stay pursuant to either *Rhines* or *Kelly*.  With Options 1, 4, or 5, petitioner may select an alternative option in the event the court finds certain claims unexhausted and/or denies the request for a stay.  Whichever option petitioner selects, petitioner must file and serve the responding document clearly stating the option selected ***no later than November 25, 2014***.

   **The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders.**