UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5902-CAS (KK) | Date | March 2, 2015 |
|---|---|---|---|
| Title | RYAN JAMES JOHNSON V. STU SHERMAN | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order Requiring Response to Petition

## I.
## PROCEDURAL BACKGROUND

On July 29, 2014, Petitioner Ryan James Johnson filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254.  Petitioner presents six grounds for relief: (1) Petitioner was denied due process when the trial court convicted him of murder without finding that he personally harbored malice aforethought; (2) the trial court denied Petitioner's due process by failing to instruct the jury that it must find he personally harbored malice aforethought in order to secure a conviction of murder; (3) Petitioner was denied due process when the trial court convicted him of murder without finding he acted willfully or with premeditation and deliberation; (4) Petitioner was denied due process when the trial court failed to instruct the jury that it must find Petitioner's co-conspirator ("Claim Four"), Baker-Riley, committed his provocative acts in furtherance of the common design to commit robbery in order to find Petitioner guilty of murder; (5) trial counsel rendered ineffective assistance of counsel when he failed to move for and object to instructions on elements of the charged offense; and (6) trial counsel rendered ineffective assistance of counsel in failing to present a defense and move for instructions on a lesser included offense. Petition ("Pet.") at 5-6.

On October 27, 2014, Respondent filed a Motion to Dismiss, arguing Claim Four is unexhausted.  (ECF Docket No. ("dkt.") 18).  In the Motion, Respondent requested the Petition be dismissed without prejudice as a mixed petition unless Petitioner deleted Claim Four.  (Id.).  On November 4, 2014, the Court issued an Order to Show Cause Why

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5902-CAS (KK) | Date | March 2, 2015 |
|---|---|---|---|
| Title | RYAN JAMES JOHNSON V. STU SHERMAN | | |

Petition Should Not Be Dismissed as Mixed ("OSC"), finding Claim Four to be unexhausted and allowing Petitioner to opt between several options to address the exhaustion issue. (Dkt. 20). The Court subsequently found Respondent's Motion moot, given the Court's OSC concerning Petitioner's failure to exhaust Claim Four. (Dkt. 21).

On November 17, 2014, Petitioner responded to the Court's OSC, contending Claim Four is exhausted because he raised it in a state habeas corpus petition filed in the California Supreme Court on January 14, 2014 (lodged with the Court by Respondent as Lodged Document ("Lodg.") No. 18). (Dkt. 22). In the alternative, Petitioner indicated he wished to voluntarily dismiss Claim Four if the Court found it unexhausted. (Id.). Hence, Petitioner also filed a Notice of Dismissal of Claim Four pursuant to Federal Rule of Civil Procedure 41, presumably to take effect if the Court found Claim Four unexhausted. (Dkt. 23).

## II.
## DISCUSSION

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5902-CAS (KK) | Date | March 2, 2015 |
|---|---|---|---|
| Title | RYAN JAMES JOHNSON V. STU SHERMAN | | |

Here, Petitioner contends he exhausted Claim Four in his January 14, 2014 state habeas petition in the California Supreme Court. In the petition, Petitioner claimed he was deprived of effective assistance of counsel because his trial counsel failed to request instructions informing the jury it had to determine if the perpetrator to the crime committed his provocative acts in furtherance of a common design to commit robbery in order to find Petitioner guilty of murder (*i.e.* the subject of Claim Four). Lodg. No. 18 at 15-16.[1] When explaining the legal basis for this claim, Petitioner noted the failure to provide these instructions violated Petitioner's Fifth and Fourteenth Amendment due process rights. Id. at 19. In support, Petitioner cited a number of U.S. Supreme Court decisions holding instructional error can violate a criminal defendant's due process rights. Id. (citing Neder v. United States, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999); Osborne v. Ohio, 495 U.S. 103, 110 S. Ct. 1691, 109 L. Ed. 2d 98 (1990); Mathews v. United States, 485 U.S. 58, 108 S. Ct. 883, 99 L. Ed. 2d 54 (1988)).

The Court concludes such language raises a strong possibility Claim Four is exhausted. See Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2004) (holding "that citation to either a federal or state case involving the legal standard for a federal constitutional violation is sufficient to establish exhaustion"). While it is unclear whether such language was intended to support Petitioner's ineffective assistance of counsel claim or to assert an independent instructional error claim predicated on a due process violation, the Court concludes such language may reasonably be construed as asserting an instructional error claim. Hence, out of an abundance of caution, the Court declines to rule on whether Claim Four has been exhausted at this time and instructs Respondent to file an Answer responding to the merits of all six claims in the instant Petition.[2] See 28 U.S.C. § 2254 (b)(2) (district court has authority to deny unexhausted claims on their merits).

///

---

[1] The Court refers to the pages of the state habeas petition as if they were consecutively paginated.

[2] The Court's Order shall not bar Respondent from re-asserting its argument that Claim Four is unexhausted in its Answer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5902-CAS (KK) | Date | March 2, 2015 |
|---|---|---|---|
| Title | RYAN JAMES JOHNSON V. STU SHERMAN | | |

IT IS THEREFORE ORDERED:

1. Respondent is instructed to file and serve an Answer to the Petition addressing the merits of all six of the Petition's claims within **30 days of the date of this order**.